**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jesus Oscar Meraz Leon, | ) | No. CV 06-2438-PHX-DGC (LOA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Daniel Edwards, et al, | ) | |
| Respondents. | ) | |

Petitioner Jesus Oscar Meraz Leon, presently confined in the Arizona State Prison Complex in Buckeye, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court will dismiss the petition without prejudice because it is successive.

**I. Procedural Background**

Petitioner is challenging his convictions entered in the Maricopa County Superior Court on December 19, 1985 in CR-149150, CR151171, and CR-118066. This is not Petitioner's first habeas action challenging these same convictions. On March 9, 1992, Petitioner filed his first petition for writ of habeas corpus with this Court challenging his convictions in CR-149150, CR151171, and CR-118066. The petition was denied and dismissed with prejudice in CIV92-0447-PHX PGR (MS) on March 10, 1994.

On August 24, 2001, Petitioner filed a second petition in CV01-1595-PHX-PGR (MS) challenging these same convictions. While the case was still pending, Petitioner filed an

Amended Petition (Doc.#12).   On February 7, 2002, the Court adopted the Report and Recommendation issued by the magistrate judge (Doc. #8) dismissed the petition as a second successive petition (Doc.#13) and referred the Amended Petition to the magistrate judge for a Report and Recommendation.  The magistrate judge issued a report and recommendation, finding that no reason existed to allow amendment to Petitioner's successive Petition because Petitioner had not yet obtained authorization from the Ninth Circuit Court of Appeals and, therefore, the Court lacked jurisdiction to consider the Amended Petition (Doc. #14). By order filed on July 3, 2002, the Court accepted and adopted the second Report and Recommendation and struck the Amended Petition (Doc. #20).

Petitioner filed in CV01-1595-PHX-PGR (MS) a Motion For Leave of Court To File an Amended Petition with the Ninth Circuit.  On April 22, 2002, the Ninth Circuit Court of Appeals denied without prejudice Petitioner's Application for authorization to file a second or successive petition in CV01-1595-PHX-PGR (MS).

In the present habeas petition, Petitioner again challenges his convictions entered in the Maricopa County Superior Court on December 19, 1985 in CR-149150, CR-151171, and CR-118066.

**II.    "Second or Successive" Doctrine**

A habeas petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984 (2003).  Procedural default is a determination on the merits for purposes of the successive doctrine. Howard v. Lewis, 905 F.2d 1318, 1319 (9th Cir. 1990); see also In re Cook, 215 F.3d 606, 608 (6th Cir. 2000) (collecting decisions holding that procedural default is a merits determination for purposes of the successive doctrine).  Petitioner's prior habeas action was adjudicated on the merits. The Court finds that the present Petition is "successive" within the meaning of § 2244(b).

Before a "second or successive" § 2254 petition may be filed in the district court, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  The court of appeals will not issue an

order authorizing a successive petition unless the petition meets the requirements of 28 U.S.C. §§ 2244(b)(2). Petitioner has presented no such order from the United States Court of Appeals for the Ninth Circuit.

In the absence of proper authorization, this Court lacks jurisdiction over the merits of a "second or successive" petition. See Cooper, 274 F.3d at 1274. Consequently, the Petition and this action must be dismissed without prejudice. The Clerk of Court will be directed to provide Petitioner a form approved by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition or Motion Under 28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED:**

(1) That the Petition and this action are dismissed without prejudice to allow Petitioner to seek leave of the Ninth Circuit Court of Appeals to file a successive petition and the Clerk of Court shall enter a judgment of dismissal accordingly; and

(2) That the Clerk of Court shall provide Petitioner a form approved by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition or Motion Under 28 U.S.C. § 2254.

DATED this 13th day of November, 2006.

_____
David G. Campbell
United States District Judge

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2254 OR § 2255

Docket Number _____ (to be provided by court)

Petitioner's name _____

Prisoner registration number _____

Address          _____
                 _____
                 _____
                 _____

---

### Instructions - Read Carefully

1.   This application, whether handwritten or typewritten, must be legible and signed by the petitioner under penalty of perjury.  An original and five (5) copies must be provided to the Clerk.  The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

2.   All questions must be answered concisely and in relationship to the questioned asked on this form.

3.   The petitioner **shall** serve a copy of this application and any attachments on respondent and must complete and file a proof of service with this application.

4.   The petitioner **shall** attach to this application copies of the magistrate judge's report and recommendation and the district court's opinion in any prior federal habeas proceeding under 28 U.S.C. § 2254 or § 2255 or state why such documents are unavailable to petitioner.

_____
        This form has not been officially adopted by the Ninth Circuit Court of Appeals, but prisoners are encouraged to use this form to comply with Ninth Circuit Rule 22-3 pending the completion of official rule-making procedures.  Questions should be directed to the Office of Staff Attorneys, Motions/Pro Se Unit, (415) 556-9890

**You <u>Must</u> Answer the Following Questions:**

1.  What conviction(s) are you challenging?
    _____
    _____

2.  In what court(s) were you convicted of these crime(s)?
    _____
    _____

3.  What was the date of each of your conviction(s) and what is the length of each sentence?
    _____
    _____

**For questions (4) through (9), provide information separately for each of your previous section 2254 or 2255 proceedings.  Use additional pages if necessary.**

4.  With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under 28 U.S.C. § 2254 or § 2255?          Yes  ☐      No  ☐

    (a) In which federal district court did you file a petition or motion?
        _____

    (b) What was the docket number?  _____

    (c) On what date did you file the petition/motion?  _____

5.  What grounds were raised in your previous habeas proceeding? (list all grounds and issues previously raised in that petition/motion)
    _____
    _____
    _____
    _____
    _____
    _____

6.  Did the district court hold an evidentiary hearing?     Yes  ☐      No  ☐

2

7.    How did the district court rule on your petition/motion?

      a.    District court **dismissed** petition/motion,
         if yes, on what grounds?  _____

      ☐    District court **denied** petition/motion;

      ☐    District court **granted** relief;
         if yes, on what claims and what was the relief?
         _____

      (attach copies of all reports and orders issued by the district court)

8.    On what date did the district court decide your petition/motion?
      _____

9.    Did you file an appeal from that disposition?        Yes ☐      No ☐

      (a) What was the docket number of your appeal?  _____

      (b) How did the court of appeals decide your appeal?  _____

10.   State concisely each and every ground or issue you wish to raise in your
      current petition or motion for habeas relief.  Summarize briefly the facts
      supporting each ground or issue.
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____
      _____

11.   For each ground raised, was it raised in the state courts?  If so, what did the
      state courts rule and when?

3

_____
_____
_____
_____

12.    For each ground/issue raised, was this claim raised in any prior federal petition/motion? (list each ground separately)

_____
_____
_____
_____

13.    For each ground/issue raised, does this claim rely on a new rule of constitutional law? (list each ground separately and give case name and citation for each new rule of law)

_____
_____
_____
_____
_____

14.    For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence?  Why has this newly discovered evidence not been previously available to you?  (list each ground separately)

_____
_____
_____
_____
_____
_____
_____

15.    For each ground/issue raised, does the newly discovered evidence establish your innocence?  How?

revised 2/02             4

_____
_____
_____
_____

16.    For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error?  Which provision of the Constitution was violated and how?

_____
_____
_____
_____

17.    Provide any other basis for your motion not previously stated.

_____
_____
_____
_____

Signature:  _____ Date:  _____

**Proof of Service on Respondent MUST be Attached.**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

95 Seventh Street
San Francisco, CA 94103

## NINTH CIRCUIT RULE 22-3

**(a) Applications.**

Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or an application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

The application must:

> (1) include a copy of the second or successive 2254 petition or 2255 motion which the applicant seeks to file in the district court; and

> (2) state as to each claim presented whether it previously has been raised in any state or federal court and, if so, the name of the court and the date of the order disposing of such claim(s); and

> (3) state how the requirements of sections 2244(b) or 2255 have been satisfied.

**(b) Excerpts of Record.**

If reasonably available to the petitioner, the application must include copies of all relevant state court orders and decisions and all dispositive district court orders in prior federal proceedings. If excerpts of record filed by petitioner are incomplete, respondent may file a supplemental excerpt of record.

**(c) Service.**

The petitioner must serve a copy of the application and all attachments on the respondent, and must attach a certificate of service to the application filed with the court.

**(d) Response.**

In noncapital cases, no response is required unless ordered by the court. In capital cases where an execution date is scheduled and no stay is in place, respondent shall respond to the application and file supplemental excerpts as soon as practicable. Otherwise, in capital cases, respondent shall respond and file supplemental excerpts within ten days of the date the application is served.

**(e) Decision.**

The application will be determined by a three-judge panel. In capital cases where an execution date is scheduled and no stay is in place, the court will grant or deny the application, and state its reasons therefore, as soon as practicable.

**(f) Stays of Execution.**

If an execution date is scheduled and no stay is in place, any judge may, if necessary, enter a stay of execution, see Circuit Rule 22-2(e), but the question will be presented to the panel as soon as practicable. If the court grants leave to file a second or successive application, the court shall stay petitioner's execution pending disposition of the second or successive petition by the district court.